IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSE BARRIENTOS, §<br>#51137-279, §<br>   PETITIONER, §<br>§<br>V. §<br>§<br>U.S. ATTORNEY GENERAL, §<br>   RESPONDENT. § | CIVIL CASE NO. 3:24-CV-2305-E-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Jose Barrientos' *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition where appropriate. As detailed here, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.[1]

Barrientos, a federal inmate at FCI Gilmer in Glenville, West Virginia, challenges the legality of his federal conviction and sentence, which this Court imposed in *United States v. Barrientos*, Case No. 3:20-CR-230-E (N.D. Tex. 2022). Doc. 3 at 1. Barrientos pled guilty to possession with the intent to distribute a controlled substance and was sentenced to 126 months

---

[1] *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of § 2241 petition without ordering an answer from respondent); *see also* Rule 4 of the Rules Governing Section 2254 Cases (providing for summary dismissal of a habeas petition) and Rule 1(b) (applying the Section 2254 Rules to habeas petitions not covered by § 2254).

Petitioner did not pay the filing fee or move to proceed *in forma pauperis*. Because jurisdiction is lacking, the Court need not require compliance with the filing requirements.

imprisonment and a five-year term of supervised release. Crim. Doc. 200.[2] The United States Court of Appeals for the Fifth Circuit dismissed his direct appeal for failure to raise a nonfrivolous issue for appellate review. Crim. Doc. 246. Barrientos then filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which was recently denied. *Barrientos v. United States*, No. 3:23-cv-01787-E-BK (N.D. Tex. Aug. 9, 2024). On September 4, 2024, he filed a second § 2255 motion. *Barrientos v. United States*, No. 3:24-CV-2273-E (N.D. Tex.).

Barrientos also filed a 28 U.S.C. § 2241 habeas corpus petition raising sentencing claims. *Barrientos v. U.S. Attorney Gen.*, No. 3:24-CV-1858-E (N.D. Tex. filed July 23, 2024). On August 6, 2024, the Court found the claims were not properly brought under § 2241 and dismissed the petition for lack of jurisdiction. *Id.* Undeterred, on September 10, 2024, Barrientos filed this second § 2241 petition again challenging his federal conviction and sentence. Doc. 3 at 5-7. He requests that his sentence be reduced to sixty months. Doc. 3 at 8.

To entertain a habeas corpus petition under 28 U.S.C. § 2241, a court must have jurisdiction over the prisoner or his custodian. *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (the district of incarceration is the only district that has jurisdiction to entertain a § 2241 petition). Because Barrientos was incarcerated in the Western District of Virginia, as of the filing of this action, the Court lacks jurisdiction to entertain his § 2241 petition.[3]

Therefore, Barrientos' § 2241 petition should be **DISMISSED WITHOUT**

---

[2] All "Crim. Doc." citations refer to the related criminal case, *United States v. Barrientos*, No. 3:20-CR-230-E. And all "Doc." citations refer to this § 2241 case.
[3] According to the Bureau of Prisons' online portal, Barrientos was recently transferred to the Texarkana FCI, which is located within the geographical boundaries of the Eastern District of Texas. *See* https://www.bop.gov/inmateloc/ (last accessed Oct. 1, 2024).

**PREJUDICE** for lack of subject matter jurisdiction.  See FED. R. CIV. P. 12(h)(3).

The Clerk of the Court is **directed** to mail of copy of this recommendation to Movant at the Texarkana FCI.

**SO RECOMMENDED** on October 2, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).